# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAFAEL A. RODRIGUEZ,

                Plaintiff,

v.                                             Case No. 08-C-147

LABOR AND INDUSTRY REVIEW COMMISSION, et. al.,

                Defendants.

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

      On February 13, 2008, proceeding pro se Rafael A. Rodriguez ("Rodriguez") filed a complaint against the Labor and Industry Review Commission ("LIRC"), Peck Foods Corp., and Legion Insurance Co. Accompanying his complaint was a motion to proceed in forma pauperis. Rodriguez had previously filed a complaint against Michael J. Astrue, the Commissioner of Social Security, E.D. Wis. Case No. 08-C-78, which is related, in-part, to the facts raised in his present case. Case number 08-C-78 was ordered dismissed with prejudice by Chief Judge Rudolph T. Randa on January 25, 2008.

      Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that Rodriguez is unable to pay the $350.00 filing fee and that his case: (1) is not frivolous or malicious; (2) does not fail to state a claim upon which relief may be granted; and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his petition to proceed in forma pauperis, Rodriguez alleges sufficient liabilities and income to satisfy the court that he is indigent. Therefore, the court shall turn to the claims raised in Rodriguez's complaint.

Rodriguez's claim relates to an injury that allegedly occurred while he was working for Peck Foods on March 21, 1990. (Docket No. 1 at 3, 14.) Peck Foods denied Rodriguez's claim for worker's compensation benefits on the ground that the injury was not work related, (Docket No. 1 at 14), and thus, proceeding with the assistance of counsel, Rodriguez requested a hearing before the LIRC. A hearing was scheduled for June 15, 1992, (Docket No. 1 at 18), and on June 22, 1992, the

LIRC dismissed Rodriguez's claim without prejudice because Rodriguez failed to appear at the hearing, (Docket No. 1 at 19-20). Rodriguez renewed his application and on July 29, 1993, the LIRC denied his application without prejudice because of a lack of medical support. (Docket No. 1 at 25.)

More than twelve years later, on October 3, 2005, Rodriguez filed a summons and complaint in Milwaukee County Circuit Court seeking review of the decision of the LIRC. (Docket No. 1 at 29-31.) The circuit court's resolution is not contained in the record provided to this court but on August 4, 2006, the Wisconsin Court of Appeals summarily affirmed the circuit court's dismissal of Rodriguez's complaint against the LIRC on the basis that Rodriguez never re-filed his worker's compensation application and never appeals the dismissal of the application to the LIRC. (Docket No. 1 at 45-47.) Thus, Rodriguez failed to exhaust his remedies under the Worker's Compensation Act, see Wis. Stat. §§ 102.18(3), 102.23, and is barred from proceeding further. (Docket No. 1 at 46.)

In the portion of his complaint captioned "Relief You Request," Rodriguez states the following:

> Mr. Rafael A. Rodriguez demands that these entities be held liable and accountable by immediately expediting an investigation, a resolution or conclusion of compensation due and owed to Mr. Rodriguez since 1990. The amount should be calculated accordingly to the years, pain and suffering, mental anguish, compensatory and punitive damages due to constant and deliberate and willful slandering of Mr. Rodriguez' (sic) name throughout the past eighteen(18) years and the violation of Mr. Rodriguez' (sic) Civil Rights of an American citizen.

(Docket No. 1 at 6.)

3

A federal court is not empowered to hear all manner of grievances, but rather it may hear only cases that fall within its limited and specifically defined jurisdiction. Rodriguez's complaint fails to state a claim that may be heard in federal court. Rodriguez's claim relates to his denial of worker's compensation benefits, which involves a matter of state law. Thus, under the circumstances presented in this case, this claim is not cognizable in federal court. As the court of appeals explicitly informed Rodriguez, at this point, any remedy lies with LIRC. Therefore, Rodriguez has failed to state a claim upon which relief may be granted. Thus, pursuant to 28 U.S.C. §1915(e)(2), the court shall deny Rodriguez's motion to proceed in forma pauperis and shall dismiss his complaint.

**IT IS, THEREFORE, ORDERED** that the plaintiff's motion to proceed in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's complaint is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 21st day of February, 2008.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge